UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60152-GAYLES

**JULIO GONZALEZ PAEZ,**

      **Plaintiff,**

v.

**SPYROS MARINE, LLC,**

      **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand and for Attorneys' Fees and Costs [ECF No. 5]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons stated below, the Court grants the Motion.

**I.   BACKGROUND**

On August 1, 2016, Plaintiff Julio Gonzalez Paez ("Plaintiff") filed this action against Defendant Sypros Marine, LLC ("Defendant") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court"). Plaintiff asserts a claim for negligence as a result of injuries he sustained while working as a longshoreman on Defendant's container ship. Plaintiff's Complaint does not specify an amount of damages.

On October 25, 2016, Plaintiff's counsel indicated to Defendant's counsel, in an email, that Plaintiff's settlement demand, "given the clear-cut liability, severe injuries and economic losses, as well as the longshore lien, would obviously be a considerable seven figure number." [ECF No. 5-1]. The following day, Plaintiff's counsel advised Defendant's counsel that the initial longshore lien was $70,632.14, based on "$32,234.66 in indemnity and $38,397.48 in medi-

cal." *Id.* On December 23, Defendant received Plaintiff's responses to Defendant's Request for Admissions, wherein Plaintiff admitted, without explanation, that he is seeking damages in excess of $75,000. [ECF No. 1-4]. Defendant removed the action to this Court on January 20, 2017 asserting the Court has diversity jurisdiction. [ECF No. 1]

**III.  DISCUSSION**

It is undisputed that the amount in controversy in this action exceeds $75,000 and that the parties are diverse. It is also undisputed that the amount in controversy cannot be ascertained by looking at the face of the Complaint. The only issue currently before the Court is whether the October email exchange or the December discovery responses triggered the thirty-day removal period.

When removal is not evident based on the initial pleadings, a defendant may remove an action "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In its notice of removal, Defendant asserts that it could first ascertain that the case was removable on December 23, 2016, when it received Plaintiff's discovery responses. Plaintiff argues that Defendant was on notice that this action was removable by October 26, 2016, based on the attorney's email exchange. The Court agrees with Plaintiff. "Letters, as well as emails, from counsel constitute 'other papers.'" *Mitchell v. Cody Express, LLC*, Case No. 3:16-cv-165-SRW, 2016 WL 6246793 at *2 (M.D. Ala. Oct. 25, 2016); *Watkins v. Polk County School Readiness Coalition, Inc.*, Case No. 8:13-cv-3020-T-24EAJ, 2014 WL 272972 at *3 (M.D. Fla. Jan. 23, 2014) (email constitutes other paper). The Court finds that the October 25 and 26, 2016 emails, read together, clearly es-

tablish that Plaintiff was seeking over $75,000 in damages.[1]  Accordingly, Defendant's notice of removal, filed on January 20, 2016, was not timely.  Based thereon, it is

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand and for Attorney's Fees and Costs [ECF No. 5] is **GRANTED in part**.  This action is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.  The Court finds that Defendant had a reasonable basis to seek removal and, therefore, denies Plaintiff's request for attorney's fees and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Defendant argues that Plaintiff's offer to settle his claim for a seven figure number was too vague to constitute a reliable indicator of damages.  While a settlement demand must be more than just puffing and posturing, the Court does not base its ruling on the proposed settlement offer alone.  Indeed, the Court finds that Defendant could have ascertained that the amount in controversy exceeded $75,000 as early as October based on two emails, sent one day apart, which referenced a demand of at least a seven figure number and valued Plaintiff's lien – which continues to grow -- at over $70,000.  Notably, Plaintiff's October emails provide a greater basis to value his claim than the non-specific admission in response to Defendant's request for admissions.